U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 28 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS TANNER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2204-N |
| | § | |
| ACCOR HOSPITALITY | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Cas Tanner against Accor Hospitality arising out of a dispute at a local motel. On November 17, 2009, plaintiff tendered a one-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. After reviewing the complaint and the *in forma pauperis* motion, the court was unable to decipher the nature of plaintiff's claims or determine whether she lacked the funds necessary to prosecute this case. On November 23, 2009, the court sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." No answers were filed. The interrogatories were remailed to plaintiff on December 31, 2009. Once again, plaintiff was warned that the failure to serve interrogatory answers within 20 days

"may result in the imposition of sanctions, including dismissal of the action for want of prosecution." To date, plaintiff still has not answered the interrogatories.[1] The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court sent written interrogatories to plaintiff over two months ago. Plaintiff has not answered the interrogatories despite repeated warnings that her failure to do so would result in the dismissal of the case. The court must obtain additional information about the factual basis of this suit in order to screen the complaint and determine whether process should be issued to the defendants. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL 22259080 at *1 (N.D.

---

[1] On January 7, 2010, the court received an unsigned response to the order asking for additional financial information in which plaintiff simply scribbled "none" on each page of the order. However, plaintiff has not answered any of the interrogatories propounded by the magistrate judge.

Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20, 2003) (dismissing complaint for failure to answer written interrogatories).

## **RECOMMENDATION**

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 28, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE